IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTY PRUENTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2133-CM |
| HOME DEPOT U.S.A. INC. and ) | |
| SANDRA WAGNER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this gender and pregnancy discrimination case against her current employer and former supervisor. She alleges that defendants violated the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pregnancy Discrimination Act ("PDA") by subjecting her to a hostile work environment, retaliating against her, discriminating against her, and interfering with her exercise of protected rights. The case is before the court on Defendants Home Depot U.S.A., Inc. and Sandra Wagner's Partial Motion to Dismiss (Doc. 7). Defendants ask the court to: (1) dismiss plaintiff's Title VII and PDA claims to the extent that they are based on events that occurred prior to September 22, 2005; (2) dismiss plaintiff's FMLA claims to the extent that they are based on events that occurred prior to March 28, 2004; and (3) dismiss plaintiff's Title VII and PDA claims against defendant Wagner.

### A. Title VII and PDA Claims

Defendants claim that the court should dismiss all of plaintiff's Title VII and PDA

discrimination, retaliation, and hostile work environment claims that occurred prior to September 22, 2005 based on the statute of limitations. Plaintiff does not address whether her discrimination and retaliation claims accruing prior to that date should be dismissed, and the court finds that they are barred because they fall outside of the 300-day statute of limitations for EEOC charges that are also filed with a state agency. *See* 42 U.S.C. § 2000e-5(e)(1). Although the court referenced plaintiff's EEOC charge to make this determination, the court need not convert defendants' motion to a motion for summary judgment, as the EEOC charge is mentioned in plaintiff's complaint and is central to her claims. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2001). Plaintiff has not disputed its authenticity.

As for plaintiff's hostile work environment claim, the court cannot tell on the record before it whether the claim is barred by the statute of limitations. Based on the allegations in plaintiff's complaint, it appears that some of the allegedly harassing acts may have occurred after September 22, 2005. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). The court denies this portion of defendants' motion without prejudice.

**B. FMLA Claims**

Plaintiff's complaint does not refer to any FMLA-related event that occurred prior to March 28, 2004. This portion of defendants' motion is denied as moot.

**C. Title VII and PDA Claims against Defendant Wagner**

Plaintiff has not asserted Title VII or PDA claims against defendant Wagner. This portion of defendants' motion is denied as moot.

-3-

**D.  Plaintiff's Request for Costs and Fees**

Plaintiff asks the court to award her costs and fees incurred in responding to defendants' motion.  The court finds that defendants' arguments were not frivolous and were based on a reasonable reading of plaintiff's complaint.  Sanctions are not warranted at this time.

**IT IS THEREFORE ORDERED** that Defendants Home Depot U.S.A., Inc. and Sandra Wagner's Partial Motion to Dismiss (Doc. 7) is granted in part and denied in part.

Dated this 17th  day of September 2007, at Kansas City, Kansas.

>    s/ Carlos Murguia
>    **CARLOS MURGUIA**
>    **United States District Judge**